IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH DELA CRUZ, TROY N. SUNIO, FRANCIS GRANDINETTE,<br><br>     Plaintiffs,<br><br>     vs.<br><br>CCA/TCCF, et al.,<br><br>     Defendants. | CIV. NO. 06-00184 JMS-KSC<br><br>ORDER OF DISMISSAL |

## **ORDER OF DISMISSAL**

Plaintiffs Francis Grandinette,[1] Joseph DeLa Cruz, and Troy N. Sunio ("Plaintiffs"), Hawaii inmates incarcerated in Tallahatchie County Correctional Facility ("TCCF"), in Tutwiler, Mississippi, have filed a *pro se* civil rights action in this court.  The Complaint names TCCF, TCCF Wardens Cooke and Parker, and TCCF correctional officer Lt. Otis Taylor, as defendants to this action.  Plaintiffs complain of an incident that allegedly occurred at TCCF in 2004, when Lt. Taylor allegedly shot at them with an air gun during recreation.  Plaintiffs have apparently

---

[1] Plaintiff spells his name "Grandinette" in this action, although he has often spelled it "Grandinetti."  The court will refer to him as he spells his name in this action.

also filed an action regarding this same incident in the United States District Court for the Northern District of Mississippi. (*See generally*, Compl. and attachments.) ²

Plaintiffs seek payment for their alleged injuries stemming from the airgun incident, clarification of the prison's "gang-pod" and administrative segregation custody regulations, release, more supervisory review by the Hawaii Department of Public Safety, and transfer back to Hawaii when they are eligible.

**Francis Grandinette**

Grandinette is well-known to this court, having filed eleven actions here since 1995. *See* U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. ("Pacer"). Grandinette has filed at least thirty-seven actions in the United States Courts since 1996.³ *See id.* At least three or more of these actions were dismissed as frivolous or for failure to state a claim.⁴ Although

---

² Plaintiffs provide an unendorsed complaint captioned to the United States District Court for the Northern District of Mississippi, Delta Division, and a letter and court forms from that court.

³ From his own admissions, as well as from the exhibits attached to this Complaint, the court is aware that Grandinette has also filed several actions in the United States District Court for the Northern District of Mississippi as well as in the Fifth Circuit Court of Appeals which are not currently reflected on PACER.

⁴ *See e.g.*, *Grandinetti v. U.S. Marshals Serv.*, Civ. No. 00-00489 SOM-KSC (D. Haw., § 1983 case dismissed for failure to state a claim, Aug. 1, 2001); *Grandinetti v. Bobby Ross Group Inc., et al.*, Civ. No. 96-00117 (E.D. Tex., § 1983 case dismissed as frivolous and for failure to state a claim on Mar. 5, 1999); *Grandinetti v. Iranon, et al.*, Civ. No. 96-00101 (E.D. Tex., § 1983 case dismissed as frivolous and for failure to state a claim on Jan. 26, 1998); *Grandinetti v. Iranon, et al.*, Civ. No. 96-00118 (E.D. Tex., § 1983 case dismissed as frivolous

the present action is titled "'Imminent Injury' Case, § 1915(g)," there is no allegation of imminent injury within the complaint, as the only incident complained of occurred in 2004. Plaintiffs have neither submitted an *in forma pauperis* application nor paid the $250 statutory filing fee for instituting a civil action in this court.

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court must consider prisoner actions dismissed prior to, as well as after, the statute's enactment, so long as the action was dismissed by "a court of the United States." 28 U.S.C. § 1915(g); *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

Grandinette may not proceed *in forma pauperis* unless he seeks relief from a danger of serious physical injury which is "imminent" at the time of filing. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry*

---

on July 20, 1998).

*v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). He is not; the only claim of "imminent" danger of serious injury is found in the title of this action.

Grandinette is under the mistaken impression that all he needs to do is make a conclusory allegation that he is in "imminent danger of serious physical injury" and that is sufficient to allow the filing of his complaints. When a prisoner's claims of imminent danger are conclusory or ridiculous, a court may deny leave to proceed *in forma pauperis*. *See, e.g.*, *Heimermann v. Litscher*, 337 F.3d 781, 781 (7th Cir. 2003) (contesting one's conviction and complaining of inadequate protection two years previously is not imminent danger); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir.2003) (working in inclement weather twice is not imminent danger); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir.1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger). Grandinetti is not in imminent danger and will not be granted in forma pauperis status.[5]

---

[5] It appears that Grandinette filed this action in this court in an attempt to avoid the Bar Order recently entered against him in the Northern District of Mississippi." *See Grandinetti v. United States*, No. 2:05MC00010-JAD, Order Denying Filing of Petition and Barring Petitioner from Filing Future Pro Se In For[ma] Pauperis Complaints, *slip op.* at 2 (N.D. Miss. Nov. 21, 2005). As the Northern District of Mississippi said, "Grandinetti is clearly an abuser of the IFP privilege and has for too long been allowed to use the federal court system as his private

**Troy N. Sunio and Joseph DeLa Cruz**

As to the other Plaintiffs, the court is in no position to assess their entitlement to file this action without prepayment of fees; they have not submitted *in forma pauperis* applications. However, the court can discern no reason why Plaintiffs have filed this action in this court. They are incarcerated in Mississippi. All the Defendants are located in Mississippi, and the events complained of occurred in Mississippi. Venue does not lie in Hawaii. *See* 28 U.S.C. § 1391(b). When jurisdiction is not founded solely on diversity, such as in an action brought under 42 U.S.C. § 1983, venue is only proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b); *see also Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); *Flanagon v. Shively*, 783 F. Supp. 922, 935-937 (M.D. Pa. 1992).

---

playground in which to engage in recreational litigation." *Id.*

Under 28 U.S.C. § 1406(a), a case filed in the wrong district should be dismissed unless the interests of justice require a transfer. The district court has the discretion to dismiss the case without prejudice in the "interest of justice." *See In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991). "The statute explicitly contemplates dismissal unless otherwise warranted." *Peckio v. Shay*, 708 F. Supp. 75, 76 (S.D.N.Y. 1989).

Once a court determines that venue is improper, it should examine the merits of the plaintiff's action to decide whether the interests of justice require transfer instead of dismissal. *See, eg., King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992). Transferring a case that would be dismissed does not further the interests of justice. *See Shemonskey v. Office of Thrift Supervision, Dep't of Treasury*, 733 F. Supp. 892, 895 (M.D. Pa. 1990) (suit against federal agency dismissed for failure to exhaust administrative remedies, instead of being transferred for improper venue), *aff'd*, 922 F.2d 833 (3d Cir. 1990); *Safeco Ins. Co. v. Miller*, 591 F. Supp. 590, 597 (D. Md. 1984) (transfer would not serve the "interest of justice" where the case, if transferred, would merely be dismissed in the transferee court); *Froelich v. Petrelli*, 472 F. Supp. 756, 763 (D. Haw. 1979) (not in interest of justice to transfer case to California because case would simply be dismissed under the statute of limitation).

The interests of justice do not counsel in favor of transfer here.  First, from the exhibits attached to this Complaint, it is clear that Plaintiffs have the ability to file this action in Mississippi and may have already done so.  Second, Plaintiffs admit that they have not exhausted their prison administrative remedies regarding their claims, and thus, the action would be dismissed on this basis were it transferred to Mississippi.

The interests of justice do not favor transferring this action.  Accordingly, this Complaint and action are DISMISSED.  The Clerk shall close the file. Plaintiffs shall not be allowed to file any further documents in this action, with the exception of a Notice of Appeal to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 6, 2006.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

Grandinetti v. CCA/TCCF, et al., Civ. No. 06-00184 JMS-KSC; ORDER DISMISSING COMPLAINT AND ACTION; dmp\3 strikes orders\Grandinetti 06-184